UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT OF MNM   CIVIL ACTION
BOATS, INC. AS OWNER OF THE M/V MS.
WHITNEY FOR EXONERATION FROM OR
LIMITATION OF LIABILITY

NO:     07-1938

SECTION: "C" (4)

## ORDER

Before the Court is **Claimant Thu Van Nguyen's Motion To Quash Subpoena and Subpoena Duces Tecum (R. Doc. 39)** filed by Claimant Thu Van Nguyen ("Nguyen"), seeking an Order from this Court quashing the subpoena ad testificandum and subpoena duces tecum issued to him on November 24, 2008. The Plaintiff-In-Limitation, MNM Boats, Inc. ("MNM") opposes the motion. (R. Doc. 41.) The motion was heard without oral argument on Wednesday, December 10, 2008.

**I.     Background**

MNM filed the instant action seeking exoneration from and/or limitation of liability for all damages, injuries, death, or losses resulting from a collision between its vessel, M/V MS. WHITNEY and another vessel, the F/V MASTER DUSTIN. (R. Docs. 1, 14.) MNM is the owner of the M/V MS. WHITNEY, and Nguyen is the owner of the F/V MASTER DUSTIN. (R. Docs. 1, 14.)

On or about January 20, 2007, the F/V MASTER DUSTIN collided with the M/V MS.

WHITNEY off the coast of Louisiana, damaging both vessels. (R. Doc. 1.) MNM alleges that it neither caused nor contributed to the collision and/or any alleged losses, damages, or injuries derived therefrom. (R. Doc. 1.) It further maintains that it exercised due diligence to maintain the vessel in a seaworthy condition and to ensure that it was reasonably fit for its intended purpose. (R. Doc. 1.) MNM insists that the collision was caused by the negligence of Nguyen and argues that Nguyen failed to keep a proper lookout; failed to take evasive action prior to the collision; navigated erratically; and failed to properly train his crew members, among other things. (R. Doc. 14.)

During the course of discovery, on November 24, 2008, counsel for MNM issued two subpoenas to Nguyen commanding him to appear for a deposition and to produce 68 categories of documents, with a return date of November 26, 2008 at 1:00 p.m.–two days later. (R. Docs. 39-4 and 39-5, Subpoenas Issued To Thu Van Nguyen, Nov. 24, 2008.) Thereafter, on November 25, 2008, Nguyen filed the subject motion to quash, contending that the subpoenas are facially deficient and unreasonable in many respects. Specifically, Nguyen argues that: (1) the subpoenas were never served; (2) the subpoena ad testificandum was not accompanied by fees and mileage and fails to specify the method of recording testimony; (3) this Court lacks jurisdiction to subpoena a witness located in Texas; and (4) the subpoenas are unduly burdensome and fail to allow time for compliance. (R. Doc. 39-2, pp. 2-3.)

In opposition, MNM contends that the motion is moot, because the deposition proceeded forward on November 26, 2008 without the documents being produced. (R. Doc. 41, p. 1.) MNM further argues that it cured the alleged deficiencies by personally serving Nguyen with a new subpoena on November 26, 2008 for a deposition which was scheduled to take place on December 30, 2008. (R. Doc. 41, p. 2.) MNM also refutes Nguyen's arguments regarding the burdensome

2

nature of the subpoena. (R. Doc. 41, p. 2.)

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." FED.R.CIV.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

A party may depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). FED.R.CIV.P. 30(a)(1). Under Rule 30(a)(2), a party must obtain leave of court to depose a witness under certain circumstances, including but not limited to when the parties have not stipulated to the deposition. FED.R.CIV.P. 30(a)(2)(A). A party who wishes to depose a person by oral questions must give reasonable written notice to every other party. FED.R.CIV.P. 30(b)(1). The notice must state the time and place of the deposition and, if known, the deponent's name and address. *Id.* If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs. *Id.*

## III. Analysis

Nguyen argues that the subpoena ad testificandum and the subpoena duces tecum issued by MNM are facially deficient and unreasonable in many respects. First, Nguyen argues that he was

3

not personally served; rather, the subpoenas were delivered to his counsel. Second, he complains that MNM failed to tender the fees for Nguyen's attendance and the mileage allowed by law. He also argues that this Court lacks jurisdiction to subpoena him, because he is a "witness" located in Texas, which is more than 100 miles away. Finally, Nguyen insists that subpoenas are unreasonable, unduly burdensome, vexatious, and impossible to comply with. Specifically, he emphasizes that the subpoenas command his appearance for the production of documents at a location different from the one designated for his deposition, which is noticed at the same time.

In opposition, MNM contends that the motion is moot, because the deposition proceeded forward on November 26, 2008 without the documents being produced. MNM further argues that it cured the alleged deficiencies by personally serving Nguyen with a new subpoena on November 26, 2008 for a deposition scheduled to take place on December 30, 2008. Accordingly, MNM insists that the re-service of the subpoena renders the subject motion moot. MNM also refutes Nguyen's arguments regarding the burdensome nature of the subpoena, emphasizing that Nguyen is a party to the litigation and therefore is not covered by the "100-mile bulge rule" set forth in Federal Rule of Civil Procedure ("Rule") 45.

The Court first notes that Nguyen was added as a party to the subject litigation on January 16, 2008. (*See* R. Doc. 13, Claim and Answer by Thu Van Nguyen.) MNM served the subpoenas at issue on November 24, 2008. Given that Nguyen is a party in the above-captioned matter, the Court finds Nguyen's arguments regarding MNM's flawed subpoenas misplaced. Nonetheless, the Court further finds MNM's use of a subpoena pursuant to Rule 45 to secure Nguyen's deposition testimony and to obtain the requested documents procedurally improper. Generally, Rule 45 governs the issuance of subpoenas directed at non-parties. *See* FED.R.CIV.P. 45. To the extent that MNM sought to compel Nguyen–a party in this action– to attend a deposition and/or to produce the specified documents, MNM should have served Nguyen with a Notice of Deposition and a Request for Production of Documents as set forth in Rules 30 and 34. In light of the foregoing procedural

4

deficiency, the Court hereby grants the motion to quash as to both subpoenas.

## IV. <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that Thu Van Nguyen's **Motion To Quash Subpoena and Subpoena Duces Tecum (R. Doc. 39)** is hereby **GRANTED**.

New Orleans, Louisiana, this <u>5th</u> day of May 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**